## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF VIRGINIA

**Alexandria Division**

| | | |
|---|---|---|
| William A. Brewer, | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 1:12cv538 (TSE/TCB) |
| | ) | |
| B. Wright, | ) | |
| Respondent. | ) | |

APR 23 2013

CLERK U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

### MEMORANDUM OPINION

William A. Brewer, a Virginia inmate proceeding pro se, has filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging the constitutionality of his conviction of robbery by intimidation and a related firearms offense following a bench trial in the Circuit Court of the City of Suffolk. Respondent has filed a Motion to Dismiss with a supporting brief and exhibits. Petitioner was given the opportunity to file responsive materials, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975) and Local Rule 7(K), and he has filed a Response in Opposition. Accordingly, this matter is now ripe for disposition. For the reasons that follow, respondent's Motion to Dismiss must be granted, and the petition must be dismissed.

### I. Background

On April 30, 2007, petitioner was convicted of robbery and use of a firearm during the commission of the robbery, and received a sentence of twenty-three (23) years in prison, with ten (10) years suspended. The facts underlying the convictions were described on petitioner's direct appeal as follow:

> [T]he evidence proved that on August 20, 2006, appellant went to Jonathan Pratt's home. Pratt had a broken leg at the time. Pratt planned to buy drugs from appellant, as he had done in the past. The first time appellant visited Pratt's home, Pratt's father was present. Appellant visited again later that day. Appellant and Pratt sat on the couch. Appellant told Pratt he would take the money to the guys

outside in the car, who had the drugs. Pratt took a hundred dollar bill out of his wallet, and when he looked up, appellant had a fairly large, black, semi-automatic gun pointed at him.

Appellant demanded Pratt's wallet, which contained more than $300. Pratt initially resisted, but appellant said that the people in his car would come inside and make things worse if Pratt did not surrender his wallet. Pratt gave his wallet to appellant, and appellant left. Pratt called his father and reported that he had been robbed. Pratt's father called the police.

Pratt testified that he gave up the wallet because he thought he was going to be hurt.

Richard Baker and Devin Abbott were in the car with appellant. Neither man saw appellant with a gun on the day of the incident. Abbott testified that a day or two before the incident, he sold a black BB gun to appellant. Baker testified that when appellant returned to the car from Pratt's house, appellant had a black leather wallet containing money. Appellant directed Abbott to throw the wallet out of the car window. Appellant then said to Baker, 'I pistol-whipped him.' When Baker said, 'You don't even have a gun,' appellant responded, 'Don't worry about it.'

Baker later received a phone call from his mother, who said police officers were at her house looking for appellant. After that phone call, appellant drove the car to North Carolina, where Abbott got out of the car, and then to South Carolina, where Baker left the car and called his parents.

The Commonwealth introduced into evidence recorded telephone conversations between appellant, Baker and Abbott. Appellant told Baker and Abbott what they should say to police and repeatedly asked both men to tell exactly what they were going to say to police.

Brewer v. Commonwealth, R. No. 2626-08-1 (Va. Ct. App. June 8, 2009).

Petitioner's first attempt to seek appellate review of his convictions was dismissed as untimely filed. Brewer v. Commonwealth, R. No. 1281-07-1 (Va. Ct. App. Sept. 17, 2007). However, the Supreme Court of Virginia subsequently granted petitioner leave to file a belated appeal. Brewer v. Dir., Dep't of Corr., R. No. 080789 (Va. Oct. 6, 2008). On the belated appeal,

2

petitioner challenged the sufficiency of the evidence to sustain his convictions. A single judge of the Court of Appeals refused the petition. Brewer v. Commonwealth, R. No. 2626-08-1, supra. A panel of the Court of Appeals also denied the petition on August 25, 2009, and the Supreme Court of Virginia declined further review on March 31, 2010. Brewer v. Commonwealth, R. No. 091950 (Va. Mar. 31, 2010). The United States Supreme Court subsequently denied certiorari review. Brewer v. Virginia, 131 S.Ct. 693 (Nov. 29, 2010).

Petitioner filed a petition for a writ of habeas corpus in the trial court on March 14, 2011, essentially raising the same claims he makes in this federal proceeding. By Order dated July 18, 2011, the petition was dismissed with prejudice. The Supreme Court of Virginia refused a petition for review of that outcome without written opinion. Brewer v. Dir., Dep't of Corr., R. No. 111811 (Va. Apr. 3, 2012).

Petitioner next turned to the federal forum and timely filed the instant application for habeas corpus relief pursuant to 28 U.S.C. § 2254, raising the following claims:

> A.   His right to due process was violated when the trial court admitted a recording of four telephone conversations.
>
> B.   He received ineffective assistance of appellate counsel when his attorney failed to investigate, research, and raise on direct appeal the admission of the telephone conversations.
>
> C.   He received ineffective assistance of trial counsel when his attorney failed to investigate, present evidence, and object to the admission of the telephone conversations, and further when counsel failed to object properly to their admission and to renew her objection when the recordings were admitted into evidence.
>
> D.   He was deprived of his right to due process because the trial judge was biased and prejudiced regarding the

3

recording of the telephone conversations.

E.    Trial counsel provided ineffective assistance for failing to object when the court relied on a extra-judicial source in concluding that the recordings were admissible.

F.    He was deprived of his right to due process when the Commonwealth failed to disclose exculpatory and impeachment evidence.

G.    Trial counsel rendered ineffective assistance by failing to object to the Commonwealth's suppression of exculpatory and impeachment evidence.

H.    Trial counsel provided ineffective assistance by failing to investigate and present impeachment evidence.

I.    The cumulative effect of counsel's errors amounted to ineffective assistance.

J.    The cumulative effect of errors violated his constitutional right to a fair trial.

K.    The evidence was insufficient to sustain the convictions.

L.    Trial counsel was ineffective for failing to object to a false and erroneous statement in the presentence report.

M.    Trial counsel rendered ineffective assistance by failing to investigate and present crucial mitigating evidence at sentencing.

## II. Procedural Bar

On federal habeas corpus review, a state court's finding of procedural default is entitled to a presumption of correctness, Clanton v. Muncy, 845 F.2d 1238, 1241 (4th Cir. 1988) (citing 28 U.S.C. § 2254(d)), provided two foundational requirements are met. Harris v. Reed, 489 U.S.

4

255, 262-63 (1989). First, the state court must have relied explicitly on the procedural ground to deny petitioner relief. Id. Second, the state procedural rule relied on to default petitioner's claim must be an independent and adequate state ground for denying relief. Id. at 260; Ford v. Georgia, 498 U.S. 411, 423-24 (1991). When these two requirements have been met, federal courts may not review the barred claims absent a showing of cause and prejudice or a fundamental miscarriage of justice, such as actual innocence. Harris, 489 U.S. at 260. Based upon these principles, Claims A (admission of the recorded telephone conversations between petitioner and his cohorts), D (trial court bias), F (Commonwealth's failure to disclose exculpatory evidence), J (lack of fair trial due to cumulative error), and a portion of K (insufficiency of the evidence) are procedurally barred from federal review.

When petitioner raised the substance of Claims A, D, F, J and K in his state habeas corpus application, the trial court expressly found them to be fully or partially procedurally defaulted "under the rule in Slayton v. Parrigan, 215 Va. 27, 205 S.E.2d 680 (1974), for failure to raise them on direct appeal." Brewer v. Dir., Order 7/18/2011 at 1. Because the Supreme Court of Virginia refused further review without comment, the trial court's was the last reasoned state court decision on the claims, and its reasoning is imputed to the Supreme Court. Ylst v. Nunnemaker, 501 U.S. 797, 803 (1991).

The Fourth Circuit has consistently held that "the procedural default rule set forth in Slayton constitutes an adequate and independent state law ground for decision." Mu'min v. Pruett, 125 F.3d 192, 196-97 (4th Cir. 1997). Therefore, the state courts' express finding that Slayton barred review of Claims A, D, F, J and a portion of K also precludes federal review of

5

those claims. Clanton, 845 F.2d at 1241.[1]

A federal court may not review a procedurally barred claim absent a showing of cause and prejudice or a fundamental miscarriage of justice, such as actual innocence. Harris, 489 U.S. at 260. The existence of cause ordinarily turns upon a showing of (1) a denial of effective assistance of counsel, (2) a factor external to the defense which impeded compliance with the state procedural rule, or (3) the novelty of the claim. See Coleman, 501 U.S. at 753-54; Clozza v. Murray, 913 F.2d 1092, 1104 (4th Cir. 1990); Clanton, 845 F.2d at 1241-42. Importantly, a court need not consider the issue of prejudice in the absence of cause. Kornahrens v. Evatt, 66 F.3d 1350, 1359 (4th Cir. 1995), cert. denied, 517 U.S. 1171 (1996).

In his mistakenly-captioned Motion in Opposition to the Motion to Dismiss, petitioner argues that the procedural default of the foregoing claims should be excused because it resulted from his counsel's ineffective assistance. Aside from that general statement, petitioner offers no explanation of the manner in which he believes counsel's allegedly ineffective assistance caused the procedural default of his claims. Resp. in Opp. at 4. Petitioner's argument falls short of overcoming the procedural bar of his defaulted claims. "[A] claim of ineffective assistance [generally must] ... be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default." Edwards v. Carpenter, 529 U.S. 446, 452 (2000), quoting Murray v. Carrier, 477 U.S. 478, 489 (1986). Here, petitioner has not successfully

---

[1]In claim K of the federal petition, petitioner argues that the evidence was insufficient to sustain his convictions for several reasons, including his alleged good-faith belief that he was owed the money he took, so the essential element of intent to rob was absent. Pet., Ex. A at 76 - 87. On direct appeal, however, petitioner argued solely that the evidence was insufficient because the Commonwealth failed to prove that he used a firearm during the incident, so no showing had been made that the taking was done by force, threat or intimidation. On habeas review, the state court dismissed petitioner's claim that the evidence was insufficient as procedurally defaulted under Slayton to the extent that arguments were advanced other than the one raised on direct appeal.

raised independent claims that his attorney provided ineffective assistance by failing to raise the issues involved in the defaulted claims. See Clozza, 913 F.2d at 1104 (meritless ineffective assistance of counsel claim cannot excuse a procedural default). Therefore, counsel's efforts cannot establish cause for the procedural default of petitioner's claims, Coleman, 501 U.S. at 753-54, and claims A, D, F, J and a portion of K are procedurally barred from consideration on the merits.[2]

### III. Merits Standard of Review

When a state court has addressed the merits of a claim raised in a federal habeas petition, a federal court may not grant the petition based on the claim unless the state court's adjudication is contrary to, or an unreasonable application of, clearly established federal law, or based on an unreasonable determination of the facts. 28 U.S.C. § 2254(d). Whether a state court decision is "contrary to" or "an unreasonable application of" federal law requires an independent review of each standard. See Williams v. Taylor, 529 U.S. 362, 412-13 (2000). A state court determination runs afoul of the "contrary to" standard if it "arrives at a conclusion opposite to that reached by [the United States Supreme] Court on a question of law or if the state court decides a case differently than [the United States Supreme] Court has on a set of materially indistinguishable facts." Id. at 413. Under the "unreasonable application" clause, the writ should be granted if the federal court finds that the state court "identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the

---

[2]In Maples v. Thomas, ___ U.S. ___, 132 S.Ct. 912, 923 (2012), the Supreme Court recently held based on "extraordinary facts" that a death-sentenced petitioner had established cause for the procedural default of his claims when he demonstrated that he was "[a]bandoned by counsel [and] left unrepresented at a critical time for his state postconviction petition, and he lacked a clue of any need to protect himself *pro se.*" 132 S.Ct. at 917. It is readily apparent on this record that Brewer was not abandoned by his attorney, so the exception to the general rule carved out in Maples does not apply here.

facts of the prisoner's case." Id. Importantly, this standard of reasonableness is an objective one. Id. at 410. Under this standard, "[t]he focus of federal court review is now on the state court decision that previously addressed the claims rather than the petitioner's free-standing claims themselves." McLee v. Angelone, 967 F.Supp. 152, 156 (E.D. Va. 1997), appeal dismissed, 139 F.3d 891 (4th Cir. 1998) (table).

### IV. Analysis

#### A. Ineffective Assistance of Counsel

In most of his federally-cognizable claims, petitioner asserts that he received ineffective assistance of counsel for various reasons. To establish ineffective assistance of counsel, a petitioner must show that (1) "counsel's performance was deficient" and (2) "the deficient performance prejudiced the defendant." Strickland v. Washington, 466 U.S. 668, 687 (1984). To prove that counsel's performance was deficient, a petitioner must show that "counsel's representation fell below an objective standard of reasonableness" id. at 688, and that the "acts and omissions" of counsel were, in light of all the circumstances, "outside the range of professionally competent assistance" id. at 690. Such a determination "must be highly deferential," with a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689; see also, Burket v. Angelone, 208 F.3d 172, 189 (4th Cir. 2000) (reviewing court "must be highly deferential in scrutinizing [counsel's] performance and must filter the distorting effects of hindsight from [its] analysis"); Spencer v. Murray, 18 F.3d 229, 233 (4th Cir. 1994) (court must "presume that challenged acts are likely the result of sound trial strategy.").

To satisfy Strickland's prejudice prong, a "defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have

been different." Strickland, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id.; accord, Lovitt v. True, 403 F.3d 171, 181 (4th Cir. 2005). The burden is on the petitioner to establish not merely that counsel's errors created the possibility of prejudice, but rather "that they worked to his actual and substantial disadvantage, infecting his entire trial with errors of constitutional dimension." Murray v. Carrier, 477 U.S. 478, 494 (1986) (citations omitted, emphasis original). The two prongs of the Strickland test are "separate and distinct elements of an ineffective assistance claim," and a successful petition "must show both deficient performance and prejudice." Spencer, 18 F.3d at 233. Therefore, a court need not review the reasonableness of counsel's performance if a petitioner fails to show prejudice. Quesinberry v. Taylor, 162 F.3d 273, 278 (4th Cir. 1998). In addition, it is settled that the Strickland analysis applies to claims of ineffective assistance on appeal as well as at trial. Matire v. Wainwright, 811 F.2d 1430, 1435 (11th Cir. 1987).

In claim B, petitioner contends that appellate counsel provided ineffective assistance by failing to investigate, research, and raise on direct appeal the admission of the recorded telephone conversations between petitioner and his two cohorts. When petitioner made this same argument in his state habeas corpus application, it was rejected on the following holding:

> [T]he Court dismisses allegation (b) under both the 'performance' and 'prejudice' prongs of the two-part test in Strickland v. Washington, 466 U.S. 668 (1984). First, because the recordings of petitioner's telephone conversations from a South Carolina jail were admissible, see Sabo v. Commonwealth, 38 Va. App. 63, 561 S.E.2d 761 (2002), appellate counsel necessarily was not ineffective under either prong of Strickland for failure to raise the admissibility of the recordings on appeal. See Correll v. Commonwealth, 232 Va. 454, 352 S.E.2d 352 (1987). Further, appellate counsel's decision not to raise this issue was reasonable under the highly deferential standard of review mandated by Jones v. Barnes, 463 U.S. 745 (1983). Also, petitioner's contradictory arguments regarding whether trial counsel in fact preserved the defense's objection to the introduction of the

9

recordings demonstrates that appellate counsel was not constitutionally obligated to raise, by petitioner's own description, an issue the reviewability of which on appeal was hardly clear. <u>See</u> <u>Johnson v. Director</u>, 267 Va. 432, 593 S.E.2d 255 (2004); <u>Evans v. Thompson</u>, 881 F.2d 117 (4th Cir. 1989).[3]

Because the foregoing determination was affirmed without comment, its reasoning is imputed to the Supreme Court of Virginia. <u>Ylst</u>, 501 U.S. at 803.

The state courts' rejection of claim B was both factually reasonable and in accord with <u>Strickland</u>, <u>supra</u>. It is well established in federal jurisprudence that the selection of issues to address on appeal is left to the discretion of appellate counsel, and counsel need not address every possible issue on appeal. <u>Jones</u>, 463 U.S. at 751-52. Certainly, appellate counsel cannot be faulted for choosing to omit meritless issues. <u>Id</u>. Since the telephone recordings were admissible under Virginia law, appellate counsel's failure to challenge their admission cannot have comprised ineffective assistance, so the state courts' denial of relief on claim B must be allowed to stand. <u>Williams</u>, 529 U.S. at 412-13.

In claim C, petitioner contends that he received ineffective assistance of trial counsel when his attorney failed to investigate, present evidence, and object to the admission of the telephone conversations, and further when counsel failed to object properly to their admission and to renew the objection when the recordings were admitted into evidence. The state habeas

---

[3]In his Response in Opposition to respondent's Motion to Dismiss, petitioner argues that this Court should not look to the language of the Order denying his state application for habeas corpus relief because a proposed Order was submitted to the Court by counsel for the Commonwealth, and was adopted "without one change." Resp. in Opp. at 3. However, the alleged fact that a prosecutor may have drafted a proposed order as a courtesy to the court does not call into question the legitimacy of the state court's judgment. <u>See generally</u> <u>Correll v. Thompson</u>, 63 F.3d 1279, 1293 (4th Cir. 1995), <u>cert. denied sub nom.</u> <u>Correll v. Jabe</u>, 516 U.S. 1035 (1996) (holding that when independent review of the record demonstrates that factual findings of a state court are supported, the § 2254(d) presumption of correctness attaches even if the state court adopted <u>verbatim</u> the state's proposed findings of fact).

court found no merit to this argument, as follows:

> The Court also dismisses allegations (c) and (d) under both prongs of the Strickland test.[4] First, by petitioner's own description of trial counsel's actions, defense counsel did raise a timely objection to the recorded phone conversations. Further, the objection that defense counsel did raise prior to the introduction of the recordings discharged any constitutional duty owed to Brewer in connection with this issue. Counsel's effective representation is further demonstrated by her objections that resulted in the trial court's exclusion of several recordings from the evidence. Counsel's effective representation is also borne out by the fact that prior to trial, as recited in her affidavit (which the Court finds is credible), she listened to all of the recordings and then discussed them with Brewer. Further, each recording had a voice that defense counsel recognized as Brewer's. Moreover, consistent with Sabo v. Commonwealth, supra, prosecution witness Richard Baker's testimony identifying all the voices in the recordings as his, Brewer's, and (on one occasion) Devin Abbott's, was sufficient to authenticate the recordings. Also, in his own testimony Brewer effectively acknowledged that the tapes had not been altered, and in the present petition he does not proffer that any of the tapes had been altered or compromised. Finally, the Court finds that as to the robbery convicting, Brewer's own testimony, which plainly proved that he committed a robbery by intimidation, see Seaton v. Commonwealth, 42 Va. App. 739, 595 S.E.2d 9 (2004), shows that any claimed error by defense counsel regarding the taped phone conversations did not prejudice him within the meaning of Strickland.

Brewer v. Dir., Order 7/18/2011 at 3.

Under the circumstances which were accurately described in the foregoing Order, the state court's conclusion that neither prong of Strickland is satisfied with respect to claim C was based on a reasonable determination of the facts. The record reveals that while Brewer was confined in a South Carolina jail awaiting extradition to Virginia, he called Baker several times.

---

[4]Claims A and B of this federal petition correspond to claims (a) and (b) of Brewer's state habeas application. Federal claim C encompasses both claims (c) and (d) of the state petition. The remaining federal claims thus are each one letter removed from its state counterpart: federal claim D was state claim (e), federal claim E was state claim (f), and so on.

[T. Feb 8, 2007 10-15, 30-40] These calls were recorded. Prior to trial, defense counsel listened

to all of the recordings and discussed them with Brewer. Resp. Ex. 1. Each recording contained

a voice counsel recognized as Brewer's. Id. At trial, Richard Baker testified that he had received

several calls from petitioner at the South Carolina jail. [T. 43-44] The following colloquy then

occurred:

> THE COURT: All right. I assume its no objection to where all of this
> came from. This is a jail recording like they have here at Western
> Tidewater Regional Jail?
>
> COMMONWEALTH'S ATTORNEY: Yes it is, Your Honor.
>
> THE COURT: So it's a jail recording from South Carolina.
>
> COMMONWEALTH'S ATTORNEY: Yes, sir.
>
> DEFENSE COUNSEL: And, Your Honor, I think in order to get the
> records in - there's some sort of objection and I think he's offering it
> for the truth of the matter asserted. These are out-of-court statements.
> They're obtained presumably from the jail in Florence. We don't
> have any chain of custody on these recordings. We don't have any
> testimony as to whether or not they have been altered or anything of
> that nature and I think it's questionable evidence.
>
> THE COURT: well, I think that's the reason this - if he says that
> that's what the conversation was then I think that authenticates.
> That's my point. You're right, if he wasn't on the stand it wouldn't
> be admissible I don't think just to say here it is, but I think since he's
> on the stand if he says this is the conversation then it's admissible.
>
> [T.44 - 45]

Here, where Baker testified at trial and identified the recorded conversations as ones in

which he had participated, he necessarily implied that the recordings were genuine. Brewer

testified in his own defense and never claimed otherwise. In fact, during his testimony Brewer

attempted to explain why he had said to Baker and Abbott that they should tell the police he did

not have a gun, thereby implicitly acknowledging that the tapes had not been altered. [T.141] Under these circumstances, the state court's conclusion that trial counsel's failure to object to the admission of the recorded conversations did not amount to ineffective assistance of counsel was an appropriate application of the controlling federal authority, and the same result must obtain here. Williams, 529 U.S. at 412-13.

In claim E, petitioner charges that counsel's efforts fell below constitutional standards when she failed to object when the court relied on an extra-judicial source in concluding that the recorded telephone conversations were admissible. Specifically, petitioner contends that counsel should have objected when the court inquired whether the recordings were like "those they have here at Western Tidewater Regional Jail?" [Tr. 44] The state habeas court rejected this argument for the following reasons:

> For the same reasons that allegations (c) and (d) fail under both prongs of Strickland, so does present allegation (f). Further, the Court's review of the record shows that it was Baker's authentication of the conversations, not the trial court's brief inquiry regarding the manner of the records, that was the basis for its ruling. Considering that this was a bench trial, in which the judge was presumed to consider only admissible evidence, see Beck v. Commonwealth, 253 Va. 373, 44 S.E.2d 898 (1997), petitioner has not made the slightest showing that trial counsel was constitutionally obligated to challenge the trial judge's brief question.

Brewer v. Dir., Order 7/18/2011 at 4.

For the reasons articulated by the state court, petitioner has made no showing whatever that the constitutionality of his representation was compromised when counsel failed to object to the court's question. As discussed above in connection with claim C, and as the state court accurately noted in its Order, the basis for the court's ruling that the conversations were admissible was their authentication by Baker's testimony. Indeed, had counsel objected to the

Court's brief inquiry as to whether the records were like those of a local jail, the objection

rightfully would have been overruled. Under these circumstances, claim E falls well short of

warranting federal relief.

 

In claim G, Brewer asserts that trial counsel rendered ineffective assistance by failing to

object to the Commonwealth's suppression of exculpatory and impeachment evidence. The state

habeas court rejected this argument, as follows:

> The Court also dismissed allegation (h), for failure to establish a
> reasonable probability of a different result at trial, but for any claimed
> suppression of evidence by the Commonwealth or ineffective
> assistance of counsel in connection therewith. See United States v.
> Bagley, 473 U.S. 667 (1985). First, many of the matters supposedly
> suupressed by the Commonwealth, as per present allegations (g) and
> (h), in fact were brought out by the Commonwealth in its pre-trial
> discovery responses and its examination at trial of witnesses Jonathan
> Pratt and Anthony Cipollaro. Further, the record does not support
> many of Brewer's factual contentions in his habeas petition (for
> example, that Pratt was criminally charged in the same hit and run for
> which Cipollaro was charged and that after Brewer's trial Pratt's
> charges were dismissed). The strength of the Commonwealth's
> evidence of petitioner's guilt as well as the significant impeachment
> of Cipollaro at trial also refutes any claim that the Commonwealth
> suppressed material evidence within the meaning of Bagley. Finally,
> any contention by petitioner that the Commonwealth suupressed
> evidence in that Pratt did not initially report the robbery to the police,
> but instead to his father (who then called the police to report the
> offenses), as a basis for challenging counsel's representation, is
> baseless. This evidence was not exculpatory, and in any case the fact
> that Pratt did not initially tell the police what had happened was
> something that was fully brought out at trial.

Brewer v. Dir., Order 7/18/2011 at 4-5.

For the reasons which are fully explained in its Order, the state court's rejection of this

argument was both factually reasonable and in accord with the controlling authority of Strickland,

supra, so the same result must occur here. Williams, 529 U.S. at 412-13.

In claim H, petitioner charges counsel with providing ineffective assistance by failing to investigate and present impeachment evidence. Specifically, plaintiff asserts that counsel should have investigated and presented impeachment evidence that prosecution witness Richard Baker suffered from severe mental disorders. Pet., Ex. A at 60. On state habeas review, this argument was found to be without merit for the following reasons:

> Next, the Court dismisses allegation (i) under both prongs of Strickland. First, as per trial counsel's affidavit, she was never informed before trial that Baker had any mental disorders, so she could not have been ineffective under Strickland as to this matter. Further, petitioner does not indicate what parts of Baker's testimony were inaccurate and were the product of his claimed mental illness. Moreover, this claim amounts to little more than a veiled attempt to relitigate the issue of Baker's credibility, a matter not reviewable on habeas corpus. Finally, the Court's review of the record shows that Brewer repeatedly represented his readiness for trial and his satisfaction with defense counsel's services. Under such circumstances, the trial record refutes Brewer's contention that defense counsel was ineffective for not impeaching Baker on the basis of his supposed mental problems. See generally Jones v. Taylor, 547 F.2d 808 (4th Cir. 1977). Cf. Anderson v. Warden, 222 Va. 511, 281 S.E.2d 881 (1985).

Brewer v. Dir., Order 7/18/2011 at 5.

For the reasons which are accurately summarized in the foregoing Order, counsel's failure to impeach Baker with his alleged mental problems did not amount to ineffective assistance. Counsel was never informed that Baker had a mental disorder. Resp. Ex. 1. Moreover, petitioner cannot show that he suffered prejudice as the result of counsel's asserted shortcoming. Petitioner does not identify which portions of Baker's testimony were the product of his alleged mental illness, and it is clear that no such showing can be made, as Baker's testimony was consistent with the account of events provided by Pratt, Abbott, and Brewer himself. Indeed, the proof of petitioner's guilt was strong enough to refute any allegation that the jury was swayed by

15

the error he now asserts. Under these circumstances, the state court's rejection of claim H was both factually reasonable and in accord with applicable federal authorities, so that result must not be disturbed. Williams, 529 U.S. at 412-13.

In claim I, petitioner alleges that the cumulative effect of counsel's errors amounted to ineffective assistance. The state habeas court found this argument to be without merit for the reasons discussed elsewhere in its Order, and also because "it is settled that a cumulative ineffective counsel claim is not a basis for habeas relief. See Fisher v. Angelone, 163 F.3d 835 (4th Cir. 1998)." In Fisher, the Fourth Circuit observed that where it is determined that none of counsel's actions amounted to constitutional error, "it would be odd, to say the least, to conclude that those same actions, when considered collectively," deprived the defendant of a fair trial. Id.; accord, Mueller v. Angelone, 181 F.3d 557, 586 n. 22 (4th Cir. 1999) (same). Because the state court rightfully determined that none of counsel's alleged shortcomings amounted to ineffective assistance, its conclusion that their cumulative effect likewise did not deprive petitioner of constitutionally valid representation was both factually reasonable and in accord with applicable federal authority, and must not be disturbed. Williams, 529 U.S. at 412-13.

In claim L, petitioner faults counsel for failing to object to a false and erroneous statement in the presentence report ("PSI"). Specifically, Brewer argues that the PSI wrongly stated that he had told a probation officer that "the weapon used in the instant offense was a BB gun." Allegedly, Brewer informed counsel this was incorrect, and he argues that she rendered ineffective assistance by failing to inform the court of the misstatement. On habeas review, the court found no merit to this contention:

> The Court likewise dismisses allegation (m) under both prongs of Strickland. As recited in defense counsel's affidavit, prior to sentencing she read the entire pre-sentence report to Brewer. Then, at the outset of the sentencing proceeding, defense counsel, without

16

> any qualification, whatever, stated that she had reviewed the pre-sentence report with Brewer and had only several corrections (unrelated to the present allegations) to the report. Throughout the remainder of the sentencing proceeding Brewer never complained about his attorney's failure to challenge the statement in the pre-sentence report that Brewer had admitted to the probation officer that he had had a BB gun during the robbery. See generally Jones v. Taylor, supra; Anderson v. Warden, supra. Finally, the Court's review of the sentencing proceeding, including the fact that the trial court imposed a sentence significantly less than that sought by the Commonwealth,   refutes any contention that petitioner was prejudiced within the meaning of Strickland as to this allegation.

Brewer v. Dir., Order 7/18/2011 at 6.

Review of the record reveals that, as the state court determined, defense counsel stated at the outset of the sentencing hearing that she had reviewed the PSI with Brewer, and the alleged misstatement concerning his use of a BB gun was not among the "few corrections" she noted. [T. 4-5] During allocution, Brewer made no complaint against counsel, and specifically did not fault her for failing to correct the probation officer's statement that Brewer had admitted using a BB gun during the robbery. [T. 17-21] Under these circumstances, the state courts' resolution of this claim was both factually reasonable and in accord with Strickland, supra, so the same result must obtain here. Williams, 529 U.S. at 412-13.

In claim M, Brewer argues that his attorney provided ineffective assistance by failing to investigate and to present crucial mitigating evidence at sentencing. He reasons that counsel sought to minimize the sentence by seeking treatment for his drug problems, but failed to call his probation officer as a witness to testify as to his "lengthy stretches of sobriety and non-drug use." The state habeas court denied relief on this claim, as follows:

> Finally, the Court dismisses allegation (n) under both prongs of the Strickland inquiry. First, this claim is facially deficient under Strickland, for failure to proffer the exact testimony of the probation officer. See Jones v. Murray, 947 F.2d 1106 (4th Cir. 1991); Bassette

17

> v. Thompson, 915 F.2d 932 (4th Cir. 1990). Further, the record
> establishes both defense counsel's effective representation at
> sentencing (as partly demonstrated by the fact that petitioner's
> sentence was significantly less than that sought by the
> Commonwealth), and that no reasonable probability of a different
> result at sentencing exists but for any claimed error by counsel.

Brewer v. Dir., Order 7/18/2011 at 6-7.

Petitioner has made no showing whatever that the error he now assigns to counsel

contributed in any way to lengthening the sentence he received. Indeed, the Court at sentencing

emphasized that Brewer was on probation "for a multitude of charges" when he committed the

offenses at issue here. [T. Apr. 27, 2007 at 24] The court further observed that, "then, after all of

that has been done, he tried to manipulate the witnesses ... But that manipulation is what bothers

the Court, especially when you look at his record." Id. In addition, counsel did present the

testimony of two witnesses at sentencing - a case manager at the Western Tidewater Regional

Jail, and petitioner's mother - to demonstrate that petitioner was attempting to overcome a long-

standing drug problem and that he was a responsible person when not on drugs. [T.12-15] In her

closing statement, counsel pointed to the fact that petitioner had abused drugs since the age of

twelve but "doesn't get in trouble" and is "hardworking and conscientious and capable" when not

on drugs [T.20], but that on the day of the offenses here he "had been using drugs for the

majority of [the] day." [T.18] Under these circumstances, the information petitioner's probation

officer could have provided was before the Court, so the officer's absence could have been no

more than harmless error. Indeed, as the state court noted, the fact that Brewer received a

"significantly" shorter sentence than that sought by the Commonwealth belies any suggestion that

counsel's representation at sentencing did not pass constitutional muster, so relief on this claim

must be denied.

18

B. Insufficiency of the Evidence (Claim K)

When petitioner argued on direct appeal that the evidence was insufficient to sustain his

conviction of robbery by intimidation because the element of use of a firearm was not proven, the

Court of Appeals rejected his position on the following holding:

> Appellant contends the evidence was insufficient to prove he used a
> firearm in the commission of robbery.
>
>                       *   *   *
>
> In this case, the trial court listened to the testimony of witnesses for
> both appellant and the Commonwealth. Pratt testified that appellant
> pointed a fairly large, black, semi-automatic gun at him. In addition,
> one witness testified that he sold a BB gun to appellant shortly before
> the incident. Whether appellant used a semi-automatic gun or a BB
> gun is not relevant to this appeal. See Thomas v. Commonwealth, 25
> Va. App. 681, 685, 492 S.E. 2d 460, 462 (1997) (holding that a BB
> gun can be a 'firearm' for purposes of Code § 18-2-53.1). Victims of
> crime 'cannot be required to distinguish between a loaded pistol and
> a spring gun when it is brandished during the commission of a
> felony.' Another witness testified that appellant claimed to have
> 'pistol-whipped' Pratt. The trial court also heard a recording of
> appellant telling witnesses exactly what to say to police and stating
> that he had gotten rid of everything.
>
> The trial court believed the Commonwealth's witnesses and rejected
> appellant's version of events. 'The credibility of witnesses and the
> weight accorded the evidence are matters solely for the fact finder
> who has the opportunity to see and hear that evidence as it is
> presented.' The evidence in this case was sufficient for the trial court
> to conclude that appellant had a firearm.
>
> Because the evidence was sufficient to prove beyond a reasonable
> doubt that appellant used a firearm to rob Pratt, the evidence was
> therefore sufficient to prove that appellant took Pratt's wallet by
> force, threat or intimidation. Furthermore, appellant admitted telling
> Pratt that there were other people outside in the car who would hurt
> Pratt if he did not give his money to appellant. So even if a gun had
> not been involved, appellant's actions were sufficient to establish
> threat and intimidation.

> The Commonwealth's evidence was competent, was not inherently
> incredible. and was sufficient to prove beyond a reasonable doubt that
> appellant was guilty of robbery and use of a firearm in the
> commission of a felony.

Brewer v. Commonwealth, R. No. 2626-08-1, citations omitted.

On federal habeas review, the standard for a claim challenging the sufficiency of the evidence supporting a state conviction is "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979) (emphasis in original). The federal court is required to give deference to findings of fact made by the state courts, and this presumption of correctness applies to facts found by both trial and appellate courts. 28 U.S.C. § 2254(d); see Sumner v. Mata, 449 U.S. 539, 546-47 (1981); see also Wilson v. Greene, 155 F.3d 396, 405-06 (4th Cir. 1998) (citing Wright v. West, 505 U.S. 277, 292 (1992) for the holding that a federal habeas court is prohibited from either "consider[ing] anew the jury's guilt determination or "replac[ing] the state's system of direct appellate review"). Instead, the federal court must determine only whether the trier of fact made a rational decision to convict. Herrera v. Collins, 506 U.S. 390, 402 (1993).

Here, for the reasons expressed in the Court of Appeals' opinion, it is apparent that a rational trier of fact could have found Brewer guilty of the robbery by intimidation with which he was charged. See Jackson, 443 U.S. at 319. Therefore, its determination that the conviction was supported by sufficient evidence was neither contrary to, nor an unreasonable application of, controlling federal law, Jackson, supra, nor was it based on an unreasonable interpretation of the record. Accordingly, the claim of insufficient evidence fails. Williams, 529 U.S. at 412-13.

## IV. Conclusion

For the foregoing reasons, respondent's Motion to Dismiss must be granted, and this petition must be dismissed with prejudice. An appropriate Order shall issue.

Entered this ___23rd___ day of ___April___ 2013.

Alexandria, Virginia

_____
/s/ T. S. Ellis, III
United States District Judge

21